(Not for Publication or Citation)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO.  07-183-DLB**

**KURT J. LOWE and SARAH WENDEL**                              **PLAINTIFFS**

**vs.**                    **MEMORANDUM OPINION AND ORDER**

**BOONE COUNTY, KENTUCKY, ET AL.**                       **DEFENDANTS**

* * * * * * * * * * *

## I.      Introduction

Plaintiffs Kurt Lowe and Sarah Wendel have filed this civil rights case against numerous Defendants pursuant to 42 U.S.C. § 1983.  After several unsuccessful attempts to depose Plaintiffs, the remaining Defendants have filed a Motion for Sanctions, seeking dismissal of this action as a discovery sanction pursuant to Federal Rule of Civil Procedure 37, as well as recovery of attorneys' fees and costs. (Doc. #78).  Plaintiffs having failed to file any response to the motion, and the time for such filing pursuant to the Local Rules having now expired, Defendants' Motion for Sanctions is ripe for review.   In light of Plaintiffs' repeated and willful discovery abuses, Defendants' motion is well-founded. Therefore, for the reasons that follow, Defendants' motion will be **granted,** and this action will be **dismissed** pursuant to Federal Civil Rule 37.

## II.     Factual and Procedural Background

In their Complaint filed on November 9, 2007, Plaintiffs asserted federal and state-law claims for incidents occurring during Lowe's arrest on November 12, 2006.  Due to the

pendency of the related state criminal proceeding, this case was stayed until that proceeding was concluded.  Plaintiff Lowe was convicted *in absentia* by a state-court jury after being tried on July 29, 2008, on charges of disregarding a stop sign; fleeing or evading police, second degree; and resisting arrest.  The state-court judge presiding over that criminal case ordered Plaintiff Lowe to serve 360 days in jail and issued a bench warrant for his arrest.  Plaintiffs have tried to dispute the validity of that state-court trial and conviction of Lowe as part of this federal-court action.

After the state criminal proceeding was concluded, the stay imposed by this Court was lifted and a discovery schedule for Plaintiffs' claims was issued.  The discovery deadline was June 1, 2009.  It is undisputed that between December 2008 and September 2009, Defendants' attorney made several attempts to secure Plaintiffs' depositions.  This included mailing and e-mailing several deposition notices which clearly identified the time, date, and location of Lowe's scheduled depositions.

On December 18, 2008, Defendants first filed a notice to depose Plaintiff Lowe on January 20, 2009.  After having been notified by Plaintiff Lowe that he did not timely receive the first notice, on January 19, 2009, Defendants filed an amended notice to take Plaintiff Lowe's deposition on March 9, 2009.  However, on March 4, 2009, Plaintiff Lowe filed an "amended notice" canceling his own March 9 deposition, on the basis that he was not available to appear on March 9 but could appear on various dates in April or on nearly any date in May.[1]

---

[1] On March 9, 2009, Plaintiffs filed a second "amended notice of deposition," identical to the "notice" previously filed on March 4, 2009.

On April 3, 2009, Plaintiffs filed four notices to take the depositions of various defense witnesses in Alabama beginning on April 27. In response, Defendants filed a Motion for Protective Order. On April 6, 2009, Defendants filed an amended notice to take Plaintiff Lowe's deposition on May 13, 2009.

On April 27, 2009, the presiding magistrate judge convened a telephonic hearing on Defendants' request for a protective order. Both Plaintiffs Lowe and Wendel participated in the hearing, along with defense counsel. In addition to hearing argument on Defendants' motion, defense counsel orally moved to secure the deposition of Plaintiff Lowe. During that hearing, Plaintiff Lowe acknowledged that he had received the amended notice and that the May 13 date was one of several he had previously provided to defense counsel as being open on his personal schedule. Nevertheless, at hearing he argued that two and one-half weeks' notice was "inadequate" for him to secure his travel arrangements due in part to financial constraints. Despite his protests, Lowe refused to provide Defendants with any definite alternative date and time on which he was willing to appear.

After hearing from defense counsel and Plaintiffs, the presiding magistrate judge granted Defendants' Motion for a Protective Order and ordered that Plaintiff Lowe appear at the U.S. Courthouse in Covington, Kentucky, on May 13, 2009, for the purpose of being deposed. (Doc. #52). Following this ruling, Lowe filed several motions, including separate Motions to Recuse both the undersigned and the presiding magistrate judge, and an Emergency Motion for a Stay of Discovery. Despite the fact that no order had been entered ruling on these motions in Lowe's favor, nor had an order been entered otherwise excusing Lowe from this May 13 deposition, Lowe failed to appear for his deposition as ordered by the Court.

In view of the impending discovery deadline of June 1, 2009, defense counsel contacted Plaintiff Wendel and obtained her agreement to conduct her deposition on May 29, 2009.  But in an effort to avoid appearing for that deposition, Plaintiffs on May 28, 2009, filed a Motion to Hold in Abeyance, arguing that since Lowe had recently filed a challenge to his conviction in state court, their federal claims should be held in abeyance. Despite that motion filing, Plaintiff Wendel appeared at her deposition as scheduled. However, she refused to testify.

On June 1, 2009, the discovery deadline expired.  The following day, the presiding magistrate judge entered an Order denying the various motions filed by Plaintiffs and inviting Defendants to file a motion for sanctions for Plaintiff Lowe's failure to attend his deposition as ordered.  Defendants thereafter filed a Motion to Dismiss Plaintiff Lowe's claims and a Motion for Sanctions against Plaintiff Wendel.  In an exhaustive Order entered August 7, 2009, the presiding magistrate judge concluded that while Plaintiff Lowe should be sanctioned for his numerous refusals  to attend his scheduled depositions, outright dismissal of his Complaint as a discovery sanction was not warranted.  (Doc. #75) Rather, the Court ordered that Plaintiff Lowe would be prohibited from introducing an affidavit in support of his claims in the likely event that Defendants should move for summary judgment.  Since Plaintiff Wendel had not violated the Court's order, similar sanctions were not imposed against her.

In that same Order, the Court extended the discovery deadline until September 22, 2009, to enable Defendants to depose Plaintiffs Lowe and Wendel. The Court also ordered Plaintiffs to pay Defendants the sum of $100.00 as a discovery sanction.  The Court further ordered that their depositions be conducted at the U.S. Courthouse in Covington, Kentucky,

4

and warned both Plaintiffs that any subsequent failure to appear or to participate in discovery in violation of the Court's order would subject them to severe sanctions, including but not limited to the dismissal.

Pursuant to that Order, Defendants scheduled Lowe and Wendel's depositions for September 3, 2009, at the United States District Courthouse in Covington, Kentucky. Neither Lowe nor Wendel appeared.

### III.   Discussion

Defendants move for attorneys' fees and costs, and dismissal of Plaintiffs' claims pursuant to Rule 37 of the Federal Rules of Civil Procedure.  The inherent power of district courts to sanction the bad-faith conduct of a party has been affirmed by the United States Supreme Court.  *See Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991).  Civil Rule 37 has been consistently construed to require a showing of bad faith or willfulness before a court may impose a dismissal sanction.  *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364 (6th Cir. 1997); *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150 (6th Cir. 1988). Because dismissal is the sanction of last resort, "[i]t should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994).

In determining whether dismissal should be imposed under Rule 37 as a discovery sanction, courts should consider (1) whether the party acted with willfulness, bad faith or fault, (2) prejudice resulting from the discovery violation, (3) whether the party had been warned that his conduct could lead to extreme sanctions, and (4) whether less drastic sanctions were imposed or considered.  *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir.

5

1997).  In this case, each and every factor weighs in favor of dismissal of Plaintiffs' claims with prejudice.

First, the Court finds that Plaintiffs' violations of the Court's discovery orders were willful and deliberate.  Once the prior stay was lifted by the Court in December 2008, Plaintiffs constantly put up barriers to discovery, refusing time after time to be deposed and making excuse after excuse as to why they could not be deposed.[2]  In fact, the record reflects that the Court was required to intervene on multiple occasions to ensure that both Plaintiffs would comply with the discovery rules and subject themselves to deposition.

After a lengthy hearing on April 27, 2009, and in lieu of appearing for deposition as directed by the Court, Plaintiffs filed several frivolous motions on the eve of Plaintiff Lowe's scheduled May 13, 2009, deposition.  Plaintiffs did not take the Court's Orders seriously and erroneously assumed that the mere filing of such frivolous motions entitled them to ignore the express directive of the Court.  Similar frivolous motions were filed on the eve of Plaintiff Wendel's scheduled May 29, 2009, deposition.  Unlike Plaintiff Lowe, however, Plaintiff Wendel at least had the courtesy to appear.  She refused to answer any questions though.

---

[2]  The record reflects that during the April 27, 2009, telephonic hearing, Plaintiff Lowe implied/argued that Defendants' unstated purpose in deposing him was to secure his arrest and incarceration on the charges for which he was convicted in state court and which charges serve, in part, as a basis for the instant lawsuit.  In his April 28, 2009, Order, the presiding magistrate judge properly advised Plaintiff Lowe that his fear of being arrested on an outstanding state bench warrant was not an adequate ground for avoiding his deposition in a civil case that he himself had initiated in this court. (Doc. #52 at p. 6).  The Court agrees and finds the case law cited within that Order to be persuasive on the point.  *See Banks v. City of San Bernardino*, 201 F.3d 443 (table decision), 1999 WL 989108 (9th Cir.) (a plaintiff may not ignore discovery requests or avoid deposition to evade an outstanding warrant); *United States v. One Lot of U.S. Currency Totaling $506,537.00*, 628 F. Supp. 1473 (S.D. Fla. 1986) (case dismissed as discovery sanction against fugitive from justice who avoided deposition).

More recently, both Plaintiffs were noticed to appear for deposition on September 3, 2009, at the U.S. Courthouse in Covington.  The Court's August 7, 2009, Order expressly forewarned Plaintiffs that because they had previously been warned and sanctioned, any continued failure to participate in discovery during the extended discovery period would likely result in severe sanctions, including dismissal.  Despite this further warning, both Plaintiffs failed to appear for their deposition on September 3, 2009.

Plaintiffs have continually, willfully, and intentionally avoided subjecting themselves to deposition and, in the process, have knowingly and directly violated the Court's Orders. Because there is a "clear record of delay and contumacious conduct," consideration of the first factor warrants dismissal of this action with prejudice.  *See Freeland v. Amigo*, 103 F.3d 1271, 1278 (6th Cir.1997).

Second, Plaintiffs' multiple violations of the discovery orders have prejudiced the Defendants. Specifically, their repeated failures to cooperate with discovery and subject themselves to deposition have required Defendants, in preparing their defense, to incur additional expenses of court reporters; to expend unnecessary time, effort, and expense to appear at depositions in which Plaintiffs did not; to prepare and file responses to Plaintiffs' numerous frivolous motions in this case; and to prepare their own motion filings.

Third, and as previously stated, the Court expressly warned both Plaintiffs that should they fail to appear for their depositions, they "will be subject to severe sanctions, including but not limited to the **dismissal of this litigation**." (Doc. #75 at p. 17) (emphasis in original).

Finally, because lesser sanctions have been attempted by the Court for both Plaintiffs and those lesser sanctions have been unsuccessful, the Court finds that the

7

severe sanction of dismissal is appropriate.  Plaintiffs' repeated and willful failures to cooperate with discovery compel the conclusion that no lesser sanction would be effective, nor would a lesser sanction be warranted at this procedural posture and given the history of this case.  However, the Court also finds that because the harshest of all available sanctions should be imposed – that is, dismissal, the imposition of the other sanctions sought within Defendants' motion would be unjust under the circumstances.

### IV.   Conclusion

Accordingly, being otherwise fully and sufficiently advised, **IT IS ORDERED** as follows:

(1)     Defendants' Motion to Dismiss Plaintiffs' claims as discovery sanction (Doc. #78) be, and it is, hereby **granted**;

(2)     This action be, and it is, hereby **dismissed with prejudice**, pursuant to Federal Rule of Civil Procedure 37(b), for failure to cooperate with discovery in violation of the Orders of the Court; and,

(3)     A Judgment will be entered contemporaneously with this Order.

This 21st day of October, 2009.



Signed By:

_David L. Bunning_

United States District Judge

G:\DATA\ORDERS\Cov07\07-183 Order granting MTD.wpd